```
 1
 2
 3
 4
 5
 6
 7
 8                    IN THE UNITED STATES DISTRICT COURT
 9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10  BERLAN LYNELL DICEY,
11           Plaintiff,                    No. 2:12-cv-1407 GGH P
12      vs.
13  OSCAR J. SMITH,
14           Defendant.                    ORDER
15  _____/
```

16       Plaintiff is a state prisoner proceeding pro se and in forma pauperis. He seeks

17 relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule

18 302 pursuant to 28 U.S.C. § 636(b)(1). This case is before the undersigned pursuant to plaintiff's

19 consent. Doc. 5. Plaintiff's original complaint was dismissed and plaintiff has filed an amended

20 complaint.

21       The court is required to screen complaints brought by prisoners seeking relief

22 against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

23 § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

24 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25 granted, or that seek monetary relief from a defendant who is immune from such relief. 28

26 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff has essentially repeated the allegations of the original complaint, but has failed to provide additional information that was needed, as described in the prior screening order. In 2005 plaintiff filed a different civil rights complaint against a guard. In 2007, the guard was dismissed from the complaint, and plaintiff now alleges that in 2008, that guard searched

plaintiff's cell and confiscated items in retaliation for the filing of the 2005 complaint. Other than stating that the guard retaliated, plaintiff provides no support for this allegation, nor does plaintiff state how he knows this information.[1] Simply stating that a defendant retaliated against a plaintiff, without more, is insufficient to state a claim. Moreover, the amount of time elapsed between the operative events makes a retaliation complaint implausible. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting Twombly, 550 U.S. at 570).

   Plaintiff also states that his legal and inmate appeal materials were taken in several cases and appeals which hindered his ability to litigate those cases and appeals. However, plaintiff was previously told that to establish a claim for any violation of the right of access to the courts, plaintiff must prove an actual injury by showing that his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement has been hindered. Simply stating that materials were taken is insufficient. For example, plaintiff states that discovery evidence was taken and never returned but provides no more specific information on how this affected his ability to litigate that specific case. The amended complaint is dismissed with leave to file a second amended complaint within twenty-eight days of service of this order. Failure to file a second amended complaint will result in the action being dismissed. No further amendments will be allowed.

   To the extent that plaintiff is seeking to proceed on a claim of having been deprived of certain items of personal property, the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v.

---

[1] Most of the items taken were returned to plaintiff.

1  Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194 (1984); Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.
2  1989) ("[i]n Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908 (1981),[2] the Court held that where a
3  deprivation of property resulted from the unpredictable negligent acts of state agents, the
4  availability of an adequate state postdeprivation remedy satisfied the requirement of due
5  process.")  Thus, where the state provides a meaningful postdeprivation remedy, only
6  authorized, intentional deprivations constitute actionable violations of the Due Process Clause.
7  An authorized deprivation is one carried out pursuant to established state procedures, regulations,
8  or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City
9  of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).  The California Legislature has provided a
10 remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.

       Prisoners have a constitutional right to be afforded "a reasonably adequate
opportunity to present claimed violations of fundamental constitutional rights to the courts."
Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174 (1996).  This right applies to prisoners'
challenges to their convictions or sentences or conditions of confinement.  Id. at 354.  Prison
officials may not "actively interfer[e] with inmates' attempts to prepare legal documents or file
them."  Id. at 350.  To establish a claim for any violation of the right of access to the courts,
prisoners must prove an actual injury by showing that their efforts to pursue a non-frivolous
claim concerning their conviction or conditions of confinement has been hindered.  Id. at 350-55.

       To state a viable claim for retaliation in violation of the First Amendment in the
prison context, a plaintiff must show five basic elements: "(1) An assertion that a state actor took
some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and
that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the
action did not reasonably advance a legitimate correctional goal."  Brodheim v. Cry, 584 F.3d
1262, 1269 (9th Cir. 2009) (quoting Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)).

---

[2] Overruled on another ground by Daniels v. Williams, 474 U.S. 327, 330-331, 106 S. Ct. 662, 664 (1986).

4

Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 n.1 (10th Cir. 1990). Adverse action is action that "would chill a person of ordinary firmness" from engaging in the protected activity. Pinard v. Clatskunie School Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006). Plaintiff need not show that "'his speech was actually inhibited or suppressed,' but rather that the adverse action at issue 'would chill or silence a person of ordinary firmness from future First Amendment activities.'" Brodheim at 1271. Plaintiff also bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. Id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

1        In accordance with the above, IT IS HEREBY ORDERED that the amended
2  complaint is dismissed for the reasons discussed above, with leave to file a second amended
3  complaint, within twenty-eight days from the date of service of this order.  Failure to file a
4  second amended complaint will result in this action being dismissed.  No further amendments
5  will be allowed.
6  DATED: October 9, 2012

                         /s/ Gregory G. Hollows
              UNITED STATES MAGISTRATE JUDGE

GGH: AB
dice1407.b2