IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERLAN LYNELL DICEY,

    Plaintiff,                                  No. 2:12-cv-1407 AC P

    vs.

OSCAR J. SMITH,

    Defendant.                              <u>ORDER</u>

/

        Plaintiff proceeds pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to the jurisdiction of the undersigned.

        Plaintiff seeks damages from defendant, a correctional officer whom plaintiff alleges conducted a retaliatory search of plaintiff's cell, confiscating plaintiff's personal hygiene items and "legal confidential property and court documents."  Plaintiff has now filed a second amended complaint, following two orders from this court dismissing prior complaints with leave to amend.  The court will now order that the action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as plaintiff has failed to cure the deficiencies outlined in the court's August 2, 2012 and October 10, 2012 orders.

        In the court's October 10, 2012 order, the court advised plaintiff that his

1

1 retaliation claim against defendant was vague, and that he would need to provide factual support
2 for his allegation. ECF No. 11 at 3. In addition, the court advised plaintiff that he had failed to
3 substantiate his access to the courts claim because he had failed to allege an actual injury, or to
4 provide any specific information on how the cell search or confiscation affected plaintiff's
5 ability to litigate any specific case. Id. The court further advised plaintiff that no further
6 amendments would be allowed. Id. at 3, 6.

In his second amended complaint, filed November 19, 2012, plaintiff does not cure the deficiencies outlined in the court's October 10, 2012 order. ECF No. 13. Instead, plaintiff now alleges that defendant confiscated the following legal materials: (1) in Dicey v. Harrison, case no. 2:08-cv-2608 JAM JFM (the "Harrison Action"), declarations of witnesses, and "dates of all the involved defendants, when they worked, what was their working position that day what was said to and about plaintiff being pepper sprayed. . . ." (id. at 5); and (2) in Dicey v. Kelvin, case no. 2:12-cv-1107 KJN (the "Kelvin Action"), "dates and times of when the sexual abuse taken place against plaintiff," "dates and times of what correctional sergeants I had personally notified concerning being subjected to sexual abuse," and 602 appeal forms. Id. at 6-7.

According to the plaintiff, the confiscation "hindered the plaintiff in successfully receiving/pursuing discovery evidence such as, interrogatory, request for admissions and production of documents" in the 2008 case. ECF No. 13 at 6. The confiscation further "had clearly hindered the plaintiff's ability to litigate those aforementioned civil rights cases against those defendants." Id. at 7, 8.

Other than these conclusory allegations, plaintiff again offers no specific facts to support his claim that defendant's cell search and confiscation actually injured him in the prosecution of his civil rights litigation. See Lewis v. Casey, 518 U.S. 343, 349 (1996). The court notes that there is no injury apparent on the face of the dockets for each of these cases: the Harrison Action was settled in September 2012, with plaintiff receiving a settlement award of

$1,500.00.  See Case No. 2:08-cv-2608, ECF No. 107, Plaintiff's Notice of Settlement, Exhibit A.[1]  The Kelvin Action is still pending: while the case had previously been dismissed after plaintiff failed to comply with the court's orders to submit an in forma pauperis application, the action has since been reinstated and the magistrate judge has screened the complaint and ordered that it be served.[2]

As to plaintiff's retaliation claims, plaintiff offers even less detail.  As noted in the court's prior orders, plaintiff sued defendant in 2005.  Plaintiff now claims that defendant's search, conducted in 2008, was a result of the 2005 lawsuit.  This bare allegation is insufficient to support a retaliation claim, and plaintiff offers the court nothing more on which to determine if such a claim might be cognizable against this defendant.  See Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012).

Accordingly, IT IS HEREBY ORDERED that, for the reasons given above and in the court's August 2, 2012 and October 10, 2012 orders, this action is dismissed for failure to state a claim upon which relief can be granted.  See 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED: February 14, 2013.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb
dice1404.B3

---

[1] Plaintiff does not explain if he attempted to raise with the court in the Harrison Action any claim that defendant's employees had interfered with plaintiff's ability to prosecute the case, nor has plaintiff explained if any such claim would now be barred by the release executed by plaintiff as part of the settlement of the Harrison action.

[2] The complaint filed in the Kelvin Action includes as exhibits various 602 forms and responses.  See Case No. 2:12-cv-1107, ECF No. 1 at 15-42.

3